## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | |
|---|---|
| BALI MOTORS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MESA UNDERWRITERS SPECIALTY ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | CASE NO.: |

## COMPLAINT FOR DAMAGES

Plaintiff, **BALI MOTORS, INC.** ("BALI MOTORS, INC") by and through the undersigned counsel, files this Complaint for Damages against Defendant, **MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY** (MESA), and as grounds therefore, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. The amount in controversy in this action exceeds the sum of $75,000.00, exclusive of pre-judgment interest, court costs, and attorney fees.

2. At all times relevant hereto, Bali Motors, Inc., was and is a corporation organized under the laws of the State of North Carolina.

3. At all times relevant hereto, Bali Motors, Inc. was and is the owner of the real property located 4310 South Hathaway Blvd, Sharpsburg, North Carolina, 27878.

4. Upon information and belief, at all times relevant hereto, MESA was and is a foreign corporation authorized to do business in the State of North Carolina.

5. At all times relevant hereto, MESA is an insurance company headquartered and domiciled in Scottsdale, Arizona.

6. The requirements for property diversity are met in this matter because the parties are domiciled in separate states and the amount in controversy exceeds $75,000.00.

## STATEMENT OF CLAIM

7. Inherent in any policy of insurance issued to insure against casualty or catastrophic loss is the premise that the insured's claim is paid promptly, so that the insured may mitigate its damages and be restored to its pre-loss position as quickly as possible.

8. In consideration of the premiums paid to it, MESA issued a commercial insurance policy, Policy No. MP0010004000047 ("the Policy"), to Bali Motor's Inc. insuring the real property and automobiles at 4310 South Hathaway Blvd., Sharpsburg, NC 27878.

9. Insurance companies, while engaging in the business of insurance in the State of North Carolina, are required to follow and comply with North Carolina General Statutes and the rules, regulations and procedures promulgated by the North Carolina Department of Insurance.

10. The subject Policy issued by MESA was in full force and effect at the times material hereto. The Policy is attached hereto as Exhibit "A".

11. The Policy covers loss caused by storms, water and clogged or broken pipes and the ensuing loss as a result of these perils.

12. On or about October 8, 2016 insured property sustained significant damages resulting from water damage.

13. The damages were timely reported to MESA and Bali Motor's Inc., mitigated its loss.

14. In response, MESA, through its representatives, purported to investigate and adjust the insurance claim.

15. MESA and its agents and representatives failed to properly investigate and adjust the claim, and refused to pay for the damages sustained.

16. Bali Motor's Inc., has cooperated with MESA in the investigation, has provided all documentation supporting its claim, and allowed for all inspections requested.

17. MESA rejected and ignored documentation and communications, choosing instead to hide behind the palpably incorrect and unsupported statements and opinions of themselves, and some of their agents and representatives.

18. MESA, however, refused to tender any amounts due and owing under the Policy, despite knowing that it was legally and contractually required to do so.

19. Bali Motor's Inc. has repeatedly requested that MESA pay the damages; MESA, however, has failed and/or refused to do so, despite the substantial evidence supporting Bali Motor's Inc., claims for coverage and benefits under the Policy.

20. Bali Motor's Inc., complied with all obligations and conditions under the insurance contract or, alternatively, was excused from doing so by the actions of MESA and/or its agents and representatives.

21. MESA's refusal to pay all benefits due under the Policy is a breach of the insurance contract. The denial letter is attached hereto as Exhibit "B".

22. Due to the inadequate investigation and adjustment of the claim by MESA, Bali Motor's Inc., has been forced to use its own funds to repair the property and replace its automobiles.

23. Due to the inadequate investigation and adjustment of the claim by MESA, Bali Motor's Inc., was forced to hire attorneys to represent its interests and to attempt to reach a fair settlement.

24. As a further direct result of the aforementioned conduct of MESA as well as its agents and representatives, Bali Motor's Inc., is obligated for payment of attorney's fees and costs associated with this action, and Bali Motor's Inc., seeks reimbursement of such fees in this instance.

## COUNT I - BREACH OF CONTRACT

25. Bali Motor's Inc., re-alleges Paragraphs 1-24 as if fully set forth herein.

26. This is an action against MESA for breach of an insurance contract, the Policy that was in effect at the time of the loss, for damages caused by theft and vandalism.

27. On or about October 8, 2016, Bali Motor's Inc., insured property sustained significant damages resulting from water damage.

28. Bali Motor's Inc., timely reported the damage to MESA and allowed for all inspections.

29. In response to Bali Motor's Inc., submission of its insurance claim, MESA sent and/or assigned various insurance adjusters and/or representatives to inspect, investigate, provide a coverage opinion, and evaluate the extent and nature of the claimed damages, but failed to properly evaluate the claim. MESA even failed to recognize the perils of the loss and would not properly classify the damage or afford payment for same.

30. Bali Motor's Inc., suffered a substantial loss to their insured property and continues to suffer the loss.

31. MESA has failed and/or refused to tender all owed insurance proceeds, undisputed or otherwise, that are due and owing to Bali Motor's Inc.

32. Bali Motor's Inc., has submitted their damage estimates to Westfield which total in excess of $75,000; however, MESA has refused to pay all owed insurance benefits.

33. Bali Motor's Inc., has repeatedly requested that MESA pay all of its damages. MESA has failed and/or refused and continues to refuse to pay the full damages, despite knowing it is required to do so.

34. Bali Motor's Inc., has performed all those things properly required of it under the Policy, or alternatively, it has been excused from performance of the acts due to the representations, omissions, and/or conduct of MESA

35. Notwithstanding the foregoing, MESA has failed and/or refused to provide full coverage under the Policy for the damages to Bali Motor's Inc., insured property and has failed to promptly pay all amounts due, thereby breaching its contract of insurance.

36. As a direct result of MESA's breach of its insurance contract, Bali Motor's Inc., has lost benefits of the insured properties, and continues to suffer the loss.

**WHEREFORE**, the Plaintiff, BALI MOTOR'S INC., , requests this Court enter an award for payment by the Defendant, MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, of compensatory damages, prejudgment interest, costs of this action, attorney's fees and costs, and any other relief this Court deems appropriate.

### COUNT II - VIOLATION OF STATUTORY PROHIBITION AGAINST UNFAIR AND DECEPTIVE TRADE PRACTICES BY MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY

37. Bali Motor's Inc., re-alleges Paragraphs 1-36 as if fully set forth herein.

38. North Carolina General Statutes §75-1.1 establishes that the unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices by MESA were unlawful in this claim.

39. North Carolina General Statutes §75-16 creates a cause of action to redress injuries caused by these violations and provides that damages shall be trebled.

40. North Carolina General Statutes §75-16.1 further provides for the recovery of attorney's fees when there has been a violation of §75-1.1.

41. North Carolina General Statutes §58-63-15(11) outlines the specific unfair and deceptive acts of an insurance company, and this section has been violated by MESA as pled herein.

42. North Carolina General Statutes §58-63 outlines the unfair and deceptive acts of an insurance company. Many sections of this statute have been specifically violated by MESA with respect to Bali Motor's Inc., claim.

43. Bali Motor's Inc., timely notified MESA of the covered damages to its insured property, and filed a claim pursuant to the terms and conditions of the Policy.

44. In response, MESA sent untrained or improperly trained adjusters/representatives to investigate and adjust the claim.

45. Despite the obvious and severe damage that had occurred at the property, MESA failed and/or refused to adjust the claim in accordance with its legal requirements, and refused to provide full indemnification as required by the Policy.

46. In fact, the claim was denied in total.

47. Without any sufficient evidence, MESA determine that the water damage was excluded by the policy.

48. MESA had actual and/or constructive knowledge of Bali Motor's Inc., damages, yet it unfairly, unlawfully and, in bad faith, failed to settle promptly and to pay the claim in violation of North Carolina common law and N.C.G.S. § 58-63. The factually specific

violations are outlined herewith in great detail, and correspond to the following provisions:

    a. N.C.G.S. §58-63-15(11)b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    b. N.C.G.S. §58-63-15(11)c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    c. N.C.G.S. §58-63-15(11)d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    d. N.C.G.S. §58-63-15(11)f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

    e. N.C.G.S. §58-63-15(11)g. Compelling the insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts of damage and the amounts listed on the inventories;

    f. N.C.G.S. §58-63-15(11)h. Attempting to settle a claim for less than the amount to which a reasonable person would have believed he was entitled.

49. MESA's above-described conduct, all in violation of N.C.G.S. §58-63, was unfair, unscrupulous, immoral, and injurious to consumers, and therefore offended the public policy standards established by N.C.G.S. §75-1.

50. Bali Motor's Inc., was injured by the unfair and unscrupulous business practices of MESA.

51. Bali Motor's Inc., conduct is inherently unfair, unscrupulous, immoral, and injurious to its insured. Further, MESA's conduct was willful, intentional, and unwarranted. It made instant decisions without a proper inspection, sent biased, untrained experts to inspect the loss, and has refused to acknowledge the extent of the damages.

52. MESAs conduct of failing to properly adjust the claim, sending biased experts and improperly trained adjusters to evaluate the loss, and not fully paying this claim constitute unfair and deceptive trade practices according to North Carolina law.

53. MESA's conduct was in or affecting commerce and these unfair and deceptive trade practices had the tendency to deceive Bali Motor's Inc., and other similarly situated members of the public.

54. Upon information and belief, these unfair and deceptive trade practices occurred with such frequency to constitute the general business practices of MESA.

55. MESA's conduct was the proximate cause of injuries to Bali Motor's Inc.

56. North Carolina General Statutes §75-16 creates a cause of action to redress injuries caused by these violations and provides that damages shall be trebled.

57. North Carolina General Statutes §58 outlines the unfair and deceptive acts of an insurance company that have occurred in connection with this matter as listed above.

58. As a proximate result of MESA's conduct, Bali Motor's Inc. is obligated for payment of attorney's fees and costs associated with this action, and North Carolina General Statutes Chapter 75 and Chapter 58 provides for the recovery of such expenses.

**WHEREFORE**, the Plaintiff, BALI MOTORS INC., requests this Court to enter an award for payment by the Defendant, MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, of compensatory damages, consequential damages, treble damages, punitive

damages, prejudgment interest, costs of this action, attorney's fees and costs, and any other relief this Court deems appropriate.

### **COUNT III - BAD FAITH OR FAILURE TO ACT IN GOOD FAITH**

59. Plaintiff incorporates paragraphs 1-58 as if fully set forth herein.

60. An insurance company such as MESA has a duty to conduct a prompt, honest and thorough investigation of facts in relation to coverages at issue at its own expense, with competent, sufficiently trained and motivated adjusters who are able to complete the aforementioned adjustment.

61. As alleged above, MESA acted in bad faith by refusing to provide Bali Motor's Inc., with the benefits of the contract and failing to pay owed insurance benefits under the Policy.

62. Plaintiff has the right to a fair and prompt investigation, payment and/or settlement of its claim.

63. MESA failed to fully, fairly, and adequately investigate and adjust Plaintiff's claim for damages. MESA's investigation, adjustment, and delay of Bali Motor's Inc., claim were negligent, grossly negligent and reckless.

64. MESA's actions in failing to adequately investigate this claim and intentionally undervaluing the claim shows a clear disregard for the interests of Plaintiff.

65. MESA acted in bad faith by doing the following, among other things:
    a. Failing to deal fairly and honestly with Plaintiff's claim;
    b. Failing to adequately investigate Plaintiff's claim;
    c. Failing to promptly and fairly pay Plaintiff's claim; and
    d. Failing to give equal and fair consideration to Bali Motor's Inc., interest.

66. As a direct result of MESA's bad faith, Bali Motor's Inc., lost the benefits of its Policy and continues to suffer the loss.

67. As a direct result of MESA's bad faith, Bali Motor's Inc., has been damaged and has been aggravated by the poor adjustment of this claim. The aggravation was reasonably foreseeable in the event of such actions of bad faith.

68. As a direct result of MESA's bad faith, Bali Motor's Inc., has suffered, and continues to suffer, financial damages.

69. Even if MESA is found to have had a reasonable basis to improperly handle and delay Plaintiff's claim, which Plaintiff contends it did not, MESA acted in bad faith by its conduct of delay in its investigation.

70. MESA has either intentionally ignored Bali Motor's Inc., claim, does not have enough properly trained adjusters to investigate property damage claims, or both.

71. In addition, MESA's operational goals place its financial interest above those of its customer. MESA has not shared its operational goals, claims management goals, or its training procedures with its customers.

72. In North Carolina, the law implies a covenant of good faith and fair dealing in every contract. As an insurance policy is a contract, Defendant has assumed this obligation.

73. By entering into the insurance contract with Plaintiff, MESA assumed obligations to treat Bali Motor's Inc., with the utmost good faith and fair dealing.

74. Despite the substantial evidence of extensive damage to the property and covered automobiles, MESA has refused to acknowledge its obligations to fairly and honestly investigate the claim and refused to pay the full amounts due and owing to Plaintiff.

75. MESA breached its insurance contract with Plaintiff by failing to properly investigate and adjust the claim. MESA has also breached the insurance contract by failing to pay all amounts due and owing under the insurance contract.

76. MESA's refusal to pay the amounts due and owing to Plaintiff was a knowing, willful, and intentional refusal to pay a valid claim.

77. MESA's refusal to pay the amounts due and owing was contrary to its obligations of good faith and fair dealing, and was not based on an honest disagreement or innocent mistake.

78. MESA's conduct in this regard constituted a conscious and intentional disregard of, or indifference to, the rights of Plaintiff, and MESA knew or should have known that this conduct was likely to result in damage or harm to Plaintiff.

79. MESA's conduct was aggravated conduct amounting to fraud, malice, gross negligence, insult, rudeness, oppression, and/or wanton and reckless disregard of Plaintiff's rights.

80. Due to MESA's breach of its obligations of good faith and fair dealing, Plaintiff has been damaged and continues to suffer the loss.

81. As a further direct result of MESA's bad faith actions, Plaintiff is obligated for attorneys' fees and costs in connection with the prosecution of this action.

82. Bali Motor's Inc., respectfully requests such further general or specific relief to which it is entitled to at law or in equity.

**WHEREFORE**, the Plaintiff, BALI MOTORS INC., requests this Court to enter an award for payment by the Defendant, MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, of compensatory damages, consequential damages, punitive damages, prejudgment

interest, costs of this action, attorney fees and costs, and any other relief this Court deems appropriate.

## COUNT IV – PUNITIVE DAMAGES

83. Plaintiff re-alleges paragraphs 1-82 as if fully set forth herein.

84. As a direct and proximate result of the above-described willful and intentional acts of MESA, Bali Motor's Inc., has suffered substantial money damages in an amount in excess of Seventy-five Thousand Dollars ($.00) and is entitled to an award of punitive damages.

85. MESA's above-described conduct, all in violation of N.C.G.S. §58-63, was unfair, unscrupulous, immoral, and injurious to consumers, and therefore offended the public policy standards established by N.C.G.S. §75-1.1.

**WHEREFORE**, the Plaintiff, BALI MOTORS INC.,, requests this Court to enter an award for payment by the Defendant, MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, of compensatory damages, consequential damages, punitive damages, prejudgment interest, costs of this action, attorney's fees and costs, and any other relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, BALI MOTORS INC., demands a trial by jury on all issues so triable.

Dated this 11th day of September 2017.

                                        **MERLIN LAW GROUP, P.A**.

                                        /s/ Robert T. Trautmann
                                        ROBERT T. TRAUTMANN, ESQ.
                                        North Carolina Bar No.: 38562
                                        125 Half Mile Road, Suite 201
                                        Red Bank, NJ 07701
                                        T (732) 704-4647
                                        F (732) 704-4651
                                        *Attorney for Plaintiff*