UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-462-BR

| | |
|---|---|
| BALI MOTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MESA UNDERWRITERS SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant Mesa Underwriters Specialty Insurance Company's ("Mesa") motion to dismiss plaintiff's complaint based on insufficient process, insufficient service of process, and lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2), (4), and (5). (DE # 2.) Plaintiff filed a response in opposition,[1] (DE #12), to which Mesa filed a reply, (DE # 14).

On 11 September 2017, plaintiff filed a complaint against Mesa alleging breach of contract, unfair and deceptive trade practices, bad faith, and punitive damages. (DE # 1.) The following day, on 12 September 2017, this court issued a notice alerting plaintiff's counsel of the failure to provide a summons for issuance. Thereafter, plaintiff attempted to complete service and served upon Mesa an unissued North Carolina state court summons instead of a federal district court summons. (DE # 3, at 2; DE # 3-3; DE # 12, at 2.) As a result, on 19 October 2017, Mesa filed its motion to dismiss claiming plaintiff's failure to serve a proper summons

---

[1] Mesa is correct that plaintiff's response is untimely. (See DE #14, at 4.) The court declines to grant the motion to dismiss on this basis, as Mesa requests. However, the court admonishes counsel to timely file any documents in the future in accordance with the applicable rules and orders of this court.

violated Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) and wrested this court of personal jurisdiction.

Rule 4 of the Federal Rules of Civil Procedure governs the necessity for, contents of, and service of federal summons. Under Rule 4, a summons complying with the Rule must be obtained by the plaintiff and "issued to each defendant to be served." Fed. R. Civ. P. 4(b). Additionally, absent waiver, Rules 4(c) and 4(m) require plaintiffs to serve a summons and a copy of the complaint upon the opposing party within 90 days of the filing of the complaint. "The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citation omitted). In determining whether the plaintiff has carried this burden, "the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." Id. (citing Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir. 1963). Still, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) (footnote omitted).

In the absence of a waiver by the defendant, the failure of a plaintiff to effect service of a summons upon the defendant within 90 days deprives the presiding court of personal jurisdiction and results in either the dismissal of the complaint or the issuance of an order by the court specifying the time for service. Fed. R. Civ. P. 4(m); Cherry v. Spence, 249 F.R.D. 226, 228 (E.D.N.C. 2008). However, dismissal for improper service of process "is not justified where it appears that service can be properly made." Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996) (internal quotation marks and citations omitted).

In this case, Mesa is correct that plaintiff's initial service on Mesa, which lacked a proper summons, was insufficient and violated the requirements of Rule 4. However, as recognized above, a plaintiff has 90 days to perfect service. Plaintiff filed its complaint on 11 September 2017 and thus had until 11 December 2017 to satisfy the requirements of Rule 4. Briefing of the instant motion concluded well before the expiration of this 90-day period, and plaintiff still had additional time to perfect service. In fact, plaintiff obtained a proper summons from the court on 31 October 2017, and at the time of filing its response to Mesa's motion, plaintiff stated that the summons is "out for service" and it "is in the process of complying with the formal service requirements of the Federal Rules of Civil Procedure." (DE # 12 at 2.) Because plaintiff obtained a correct summons and time for service remained, Mesa's 12(b)(4) and 12(b)(5) arguments are moot. See Whitaker v. Stamping, 302 F.R.D. 138, 146 (E.D. Mich. 2014) (finding the defendant's insufficient process and insufficient service of process argument as moot where the court reissued a replacement summons and gave the plaintiff 10 days to effect service).

In its reply, Mesa argues that plaintiff's failure to address its 12(b)(2) argument in plaintiff's response to Mesa's motion was a waiver of that issue and dismissal should result. (DE # 14, at 1-2.) Although plaintiff did not address the personal jurisdiction issue in its response, the court declines to find waiver has occurred. Mesa's personal jurisdiction argument is premised on its insufficient process and insufficient service of process arguments and is likewise moot. See Whitaker, 302 F.R.D. at 147. If plaintiff has not properly served Mesa with the federal summons by now, Mesa is free to renew its argument.

Mesa's motion to dismiss is DENIED.

This 9 February 2018.

_____
W. Earl Britt
Senior U.S. District Judge